State on relation of HILL HUMPHREY v. HENRY W. HUMPHREY, Adm'r, and others.

*Guardian and Ward—Action by Ward on Bond of Deceased Guardian.*

In an action by a ward against the surety on the bond of his deceased guardian, it is no defence for the defendant that assets came into the hands of the administrator of the guardian sufficient to pay the amount due the plaintiff which were wasted by him, and that he and the sureties on his administration bond are insolvent.

CIVIL ACTION, tried at Spring Term, 1878, of ONSLOW Superior Court, before *Eure, J.*

This action was brought by the plaintiff soon after he arrived at full age against the defendant as administrator with the will annexed of John Humphrey, his former guardian, and the defendants Harvey Cox and Franklin Thompson, sureties upon the bond of said guardian. He demanded payment of his distributive share of his father's estate, which came into the hands of his said guardian. John Humphrey, the guardian, died in 1868, the plaintiff being a minor, and the defendant administrator took charge of his estate. At Fall Term, 1877, of said Court, the plaintiff entered a *nol. pros.* as to the said administrator and Harvey Cox. The said administrator and the sureties on his bond have become insolvent since letters were granted to him. During the progress of this action, a reference was had for an account of the estate of defendant's testator, and also of the guardianship of his testator, John Humphrey, with his ward, the plaintiff; and it was ascertained that said administrator was indebted to the estate of his testator in the sum of $1209.03, and also that there was due the plaintiff from his said guardian the sum of $892.15.

The defendant, Thompson, insisted that as assets of the guardian came into the hands of his administrator sufficient

to pay the amount due the plaintiff, he was not liable on the guardian bond, although said administrator wasted the assets and he and his sureties are insolvent. His Honor held otherwise, and gave judgment for plaintiff against defendant as surety on said bond, and the defendant appealed.

*Mr. H. R. Bryan,* for plaintiff.
*Mr. W. A. Allen,* for defendant.

READE, J. Suppose the guardian were alive, would it avail the defendant his surety, to show that the guardian was solvent and able to pay his ward, the plaintiff? Of course not. The guardian being dead, would it avail the defendant surety to prove that his estate is solvent and able to pay? Of course not, any more than if he were alive and able to pay. How then can it avail the defendant to prove that the guardian is dead and his estate insolvent and unable to pay? The defendant puts his defence upon the ground that the estate of the guardian which went into the hands of his administrator was sufficient to pay the ward, and that the administrator has wasted it, and that he and the sureties on his administration bond are insolvent.

This makes it unfortunate for the defendant, but then his undertaking when he signed the guardian bond as surety, was, that he would suffer before the ward should. And he is now only performing that undertaking. If he had performed it earlier, he might have saved himself out of the estate of the guardian in the hands of the administrator.

No error.                                               Affirmed.